Eastern District of Kentucky
F I L E D
JAN 2 2 2019
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

KEVIN DEWAYNE JONES, )
)
Petitioner, )  Civil No. 0:18-107-HRW
)
v. )
)
J.C. STREEVAL, Warden, ) **MEMORANDUM OPINION**
) **AND ORDER**
Respondent. )
)

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Kevin Dewayne Jones is an inmate at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without a lawyer, Jones filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [D. E. No. 1]. Jones filed that motion with the United States District Court for the Eastern District of Missouri, and, in that submission, he raised a claim regarding the calculation of his prison sentence. However, such a claim is not cognizable under § 2255 and, instead, it must be raised in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. As a result, the Eastern District of Missouri construed Jones's submission as a § 2241 petition, and it transferred his case to this Court because he is confined at a federal prison within this district. [D. E. No. 2].

1

This Court then conducted an initial review of Jones's petition pursuant to 28 U.S.C. § 2243 and concluded that further briefing was required in order to resolve his claim. Therefore, the Court ordered the Respondent to file a response to Jones's petition and subsequently directed Jones to file a reply brief, if he chose to do so. [D. E. Nos. 6, 14]. The Respondent has now filed his response [D. E. No. 12], and the time has passed for Jones to file his optional reply brief. Therefore, this matter is ripe for a decision from this Court.

The Court will deny Jones's petition for two reasons. First, Jones failed to fully exhaust his administrative remedies. Second, even if Jones had fully exhausted his administrative remedies, there is no indication that the Bureau of Prisons (BOP) miscalculated his sentence.

As an initial matter, the United States Court of Appeals for the Sixth Circuit has made it clear that "federal prisoners must exhaust their administrative remedies prior to filing a habeas petition under § 2241." *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006). Jones, however, did not comply with this requirement, as the Respondent has established through his submissions. [D. E. Nos. 12, 12-1]. To be sure, there are certain exceptions to the exhaustion requirement, such as where exhaustion would be futile. *See Fazzini*, 473 F.3d at 236. However, there is no suggestion in the record that such an exception

should apply in this case. Thus, Jones's petition is not properly before this Court. This alone justifies denying Jones's petition.

Moreover, even if Jones had fully exhausted his administrative remedies, there is no indication that the BOP miscalculated his sentence. As the Sixth Circuit has recognized, "Time which has been credited towards service of a state sentence may not be double counted against a federal sentence." *United States v. Lytle*, 565 F. App'x 386, 392 (6th Cir. 2014) (discussing 18 U.S.C. § 3585(b)). Here, Jones claims that he should receive credit toward his federal prison sentence for approximately 205 days he spent in custody from June 2017 through December 2017. However, the Respondent's submissions make it clear that this time period was already credited towards service of Jones's state parole violation sentence and, thus, it could not also be counted against his federal sentence. This too justifies the denial of Jones's petition.

Accordingly, it is **ORDERED** as follows:

1. Jones's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding Judgment will be entered this date.

This 22nd day of January, 2019.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge

3